UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SHAKONDIA THOMAS | CIVIL ACTION NO. 6:23-CV-01437 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| SOUTH LOUISIANA COMMUNITY COLLEGE ET AL | MAGISTRATE JUDGE DAVID J. AYO |

**REPORT AND RECOMMENDATION**

Before the Court is a MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS, MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED filed by Defendants Alicia Hulin and South Louisiana Community College[1] ("SLCC"). (Rec. Doc. 10). *Pro se* Plaintiff Shakondia Thomas did not file an opposition to the motion.[2] The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, law, and arguments, and for

---

[1] Defendants urge that SLCC is not a juridical entity capable of suing or being sued and that the proper party for suits against SLCC is the Board of Supervisors of Community and Technical Colleges, ("the Board") under LA. STAT. ANN. § 17:3351 and 17:3217.1. As such, Defendants assert that the Board is the proper party to make an appearance for claims against SLCC. (Rec. Doc. 10).

[2] The instant motion was filed on January 24, 2024. Defendants assert that the motion was mailed to Thomas's original Louisiana address on January 23, 2024, via certified mail, but it was returned unclaimed. Defendants obtained her new address in Tennessee and forwarded the motion on January 31, 2024. (Rec. Doc. 13). *See also* Notice of Change of Address filed by Thomas on February 6, 2024 (Rec. Doc. 12). The green card reflecting delivery and receipt of the certified mail was signed by Thomas on February 3, 2024, and the United States Postal Service tracking confirmation also reflects delivery of Defendants' motion on February 3, 2024. (Rec. Docs. 13-2, 13-3). Accordingly, any response was due 21 days after service or on February 24, 2024. (Rec. Doc. 11). *See also* Western District Local Rule 7.5.

the reasons explained below, the Court recommends that the motion be GRANTED and that this matter be dismissed without prejudice.

## Factual Background

Thomas, proceeding *pro se* and *in forma pauperis*, filed this lawsuit on a form captioned "Complaint for Employment Discrimination" on October 10, 2023, asserting claims against Hulin as Human Resource Director of SLCC and SLCC[3] under Title VII of the Civil Rights Act (42 USC §§ 2000e to 2000e-17) and the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12112 to 12117). (Rec. Doc. 1 at 3). In Section III, titled "Statement of Claim," Thomas asserts that Defendants failed to provide her with accommodations for her disability, provided unequal terms and conditions of employment, and/or retaliated against her during her employment at SLCC between 2021 and 2022. (*Id.* at 4). She further checked boxes that she was discriminated based on her race and stated "hair texture/style," gender/sex and stated "shoe style 'high heels,'" and her disability or perceived disability and stated "anxiety disorder and hearing loss." *Id.*

Thomas did not complete Section III.E of the form, which states:

E. The facts of my case are as follows. Attach additional pages if needed.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

(*Id.* at 4-5).

---

[3] SLCC is listed in the caption of the form document titled Complaint for Employment Discrimination ("Complaint"), but SLCC is not named later in the Complaint under the section labelled Defendants.

2

In Section IV, titled "Exhaustion of Federal Administrative Remedies," Thomas asserts that she received a Notice of Right to Sue letter ("Notice") from the Equal Employment Opportunity Commission ("EEOC") and that less than 60 days had elapsed since she had received it. (*Id.* at 5; EEOC Notice, Rec. Doc 4). Thomas left completely blank Section V, which is titled "Relief" and states:

> State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

On October 12, 2024, the Clerk of Court issued summonses as to Hulin and SLCC. (Rec. Doc. 5). Apparently, Thomas attempted to serve Defendants by personally handing the summonses and proof of service forms for Hulin and SLCC to Hulin at SLCC on December 26, 2023. (Rec. Docs. 6, 7, 10-1 at 7). On January 4, 2024, the Clerk of Court issued a letter stating:

> Please be advised the Proof of Service received in our office on January 3, 2024, reflecting your service to defendants, Alicia Hulin and South Louisiana Community College, are considered Unexecuted. Parties in a case, under FRCP 4(c)(2), may not serve summons and complaint.
>
> FRCP 4(c)(2) states, any person who is at least 18 years old and not a party to the case may serve a summons and complaint.
>
> Summons in this case have been reissued so you may have the party properly served.

(Rec. Doc. 8). Summonses were reissued by the Clerk of Court on January 4, 2024. (Rec. Doc. 9).

3

On January 23, 2023, Defendants filed the instant motion based on insufficient service of process pursuant to FED. R. CIV. P. 12(b)(5), lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1), and failure to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6).  More specifically, Defendants move to dismiss for insufficient service of process on the grounds that Thomas, as a party, cannot effectuate service on Hulin and SLCC under Rule 4(c)(2) and that correct service has not been effectuated upon Hulin and SLCC within 90 days as required by Rule 4(m).  Further grounds for dismissal of SLCC include that SLCC is not a juridical entity capable of suing or being sued,[4] SLCC and/or the Board have not been served in accordance with Louisiana's statutory requirements as required by Rule 4(j)(2)(B), and Hulin is not the "head" of the Board, on whom service should be made as required by LA. STAT. ANN. § 39:1538(C).  (Rec. Doc. 10 ¶¶4,5).

Defendants also move to dismiss for failure to state a claim as to Hulin on the grounds that she is an individual official acting in her capacity as an employee of SLCC and relief under Title VII is available only against an employer and that Hulin is not an individual supervisor or fellow employee.  As to SLCC and/or the Board, dismissal is sought on the grounds that the Complaint fails to explain why Thomas's claims under Title VII could result in relief.  (Rec. Doc. 10 ¶¶ 9, 10).  Defendants also assert a lack of subject matter jurisdiction as to SLCC and/or the Board on the

---

[4] *See* footnote 1, *supra*.

4

grounds that the claims are barred by Eleventh Amendment Immunity. (Rec. Doc. 10 ¶¶ 6, 8).

As stated above, Thomas did not respond to the Clerk of Court's January 4, 2024 letter explaining that service was not proper. Additionally, Thomas has not opposed the instant motion.

## **Law and Analysis**

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process. The party making service has the burden of demonstrating its validity when an objection to service is made." *Holly v. Metropolitan Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolph Wolff & Co.*, 484 U.S. 97, 104 (1987).

Under Rule 4(e), a plaintiff may serve the defendant with process by "delivering a copy of the summons and of the complaint to the individual personally[,]" "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[,]" "delivering a copy of each to an agent authorized by appointment or by law to receive service of process[,]" or by following state law. However, regardless of the method utilized, a limitation is clear: a plaintiff may not effect service himself. On the contrary, Rule 4(c) expressly provides:

> (c) Service.
> (1) *In General.* A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint

5

> served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
> (2) *By Whom.* Any person who is at least 18 years old **and not a party** may serve a summons and complaint.
> (3) *By a Marshal or Someone Specially Appointed.* At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

(emphasis added).

In addition, Rule 4(m) states: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." If, however, the plaintiff "shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996). "The plaintiff must provide some showing of good faith and some reasonable basis for noncompliance with the court's deadline. The plaintiff should also show due diligence in attempting to perfect service." *Epley v. Luong*, 2023 WL 8595674, at *2 (5th Cir. Dec. 12, 2023) (internal quotation marks and quoted sources omitted).

"At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Id.* "A litigant's *pro se* status neither excuses his failure to effect

6

service nor excuses him for lack of knowledge of the Rules of Civil Procedure." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013).

Thomas does not deny that she attempted to serve Defendants by personally handing the Summons and "Proof of Service" forms for Hulin and SLCC to Hulin at SLCC on December 26, 2023, and that she has made no further attempt to properly serve either defendant. (Rec. Docs. 6, 7, and 10-1, at p. 7). In addition, to date, Thomas has not responded to or complied with the Clerk of Court's letter informing her that personally serving Hulin was improper and thus, considered unexecuted pursuant to Rule 4(c)(2). Thomas never requested that service be executed by the U.S. Marshal pursuant to Rule 4(c)(3), never requested an extension of time to serve, and did not file an opposition to the instant motion. In addition, Thomas does not demonstrate—or even attempt to demonstrate—good cause for the failure to serve and has made no attempt in over six months to remedy the lack of service. Neither Thomas's *pro se* status nor any ignorance of the Federal Rules of Civil Procedure provides grounds for excusable neglect. Therefore, the Court finds that Thomas has failed to meet her burden of demonstrating the validity of service. Because she has failed to effectuate proper service upon Hulin and SLCC within 90 days as required by Rules 4(c)(2) and 4(m), this Court may not exercise jurisdiction over Hulin and SLCC and this matter should be dismissed without prejudice pursuant to Rule 12(b)(1). Given this conclusion, the Court need not address Defendants' other grounds for dismissal.

## Conclusion

For the reasons discussed herein, the Court recommends that the MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS filed by Defendants Alicia Hulin and South Louisiana Community College (Rec. Doc. 10) be GRANTED and that Plaintiff Shakondia Thomas' claims against said defendants be DISMISSED without prejudice. The remainder of the motion seeking dismissal for lack of subject matter jurisdiction and failure to state a claim should be DENIED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

Signed at Lafayette, Louisiana on this 28th day of June, 2024.

_____
DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE